UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN NANLIU OPTOELECTRONIC TECHNOLOGY CO., LTD., | |
| Plaintiff, | No. 24 C 11654 |
| v. | Judge Thomas M. Durkin |
| THE INDIVIDUALS, PARTNERSHIPS, OR UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | |
| Defendants. | |

ORDER

The Court previously denied Plaintiff's motion for a temporary restraining order based on its claim for design patent infringement for two reasons. First, Plaintiff's design patent claim is easily remedied with damages, such that there is not a risk of irreparable harm. And second, Plaintiff's allegations indicate that Defendants are Plaintiff's competitors, as opposed to counterfeiters attempting to steal Plaintiff's intellectual property. For this reason, the Court found that Plaintiff failed to establish (1) that the balance of harms is in its favor or (2) that an injunction is in the public interest.

Plaintiff has now amended the complaint to add a claim for false designation of origin and has again moved for a temporary restraining order. The claim of false designation of origin—for violation of 15 U.S.C. § 1125(a), also known as Lanham Act § 43(a)—provides legal protection to unregistered trademarks and trade dress. Plaintiff here does not allege that Defendants misappropriated a trademark, but

rather that Defendants misappropriated Plaintiff's design patent, which is akin to trade dress. To state a claim for protectable trade dress under a false designation of origin claim, a plaintiff must demonstrate that the trade dress has achieved "secondary meaning." *See Wal-Mart Stores, Inc. v. Samara Bros.*, 529 U.S. 205, 216 (2000). Trade dress develops "secondary meaning" when "in the minds of the public, the primary significance of [the trade dress] is to identify the source of the product rather than the product itself." *Id.* at 211.

Plaintiff's brief in support of its motion for a temporary restraining order does not mention "secondary meaning." Indeed, Plaintiff's brief does not address Plaintiff's false designation of origin claim at all. Instead, Plaintiff argues that it sells its products "under its MEZHER brand," and that "products based on the Patent-in-Suit and sold under [the MEZHER brand] are widely recognized and exclusively associated by Plaintiff's customers, the public, and the trade as being high-quality products from Plaintiff." R. 13-1 at 2-3. The problem with this argument, however, is that Plaintiff does not allege that Defendants use the MEZHER brand. Rather, Plaintiff alleges that Defendants sell products that copy Plaintiff's product design. *See id.* at 5-6 ("[T]he products sold by Defendants' Internet storefront are substantially similar to the patented design such that an ordinary observer would be deceived into thinking that the Infringing Products are the same as the patented design."). But as discussed, copying a product design is only actionable under a false designation of origin claim if the design has developed secondary meaning. *See Wal-*

2

*Mart Stores*, 529 U.S. at 216. And Plaintiff does not allege or argue that its product designs have achieved secondary meaning.[1]

At bottom, the requirement for secondary meaning in a false designation of origin claim based on trade dress is based on the same logic underlying the Court's denial of Plaintiff's motion for a temporary restraining order based on the design patent claim—i.e., Plaintiff does not allege that it owns a legally protectable brand that Defendants are infringing. As the Court found in its prior order, without such an allegation, "there is no risk that consumers will confuse the source of Defendants' products with Plaintiff's brand. The only concern is sales and profits from otherwise anonymous products that are drops in the bucket of the proliferation of generic consumer products available on ecommerce marketplaces. And loss of sales and profits for such products is easily remedied with damages." R. 11 at 1-2.

Therefore, Plaintiff's renewed motion for a temporary restraining order [13] is denied. Plaintiff's motion to seal [14] is also denied.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: December 16, 2024

---

[1] The Court notes that a bald statement that a product design has developed secondary meaning is insufficient without more to establish a prima facie case or plausibly allege secondary meaning. Rather, some facts must be alleged from which secondary meaning can be reasonably inferred.